**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ERIC ZOZULA,**
        **Plaintiff,**

**-vs-**                                    **Case No.  6:10-cv-1588-Orl-28GJK**

**STATE OF FLORIDA; JERRY L.**
**DEMINGS, in official capacity; CARLY**
**HUBBARD, in official capacity and**
**personally; SANDRA CASTRO-RIVERA,**
**in official capacity and personally;**
**LINDA BURDICK, in official capacity**
**and personally; LEE DAVIS, in official**
**capacity and personally; CHRISTOPHER**
**DILLION, in official capacity and**
**personally; CHARLES DEISLER, in**
**official capacity and personally;**
**ROBERT "BOBBIE" PALMER, JR., in**
**official capacity and personally,**
        **Defendants.**
_____

## ORDER

This cause is before the Court on the Motion to Dismiss (Doc. 10) filed by the State of Florida ("the State") and Assistant State Attorney Linda Burdick ("Burdick").  Plaintiff has filed a Response (Doc. 26) thereto.  In their motion, the State and Burdick assert that Plaintiff's claims fail insofar as they are brought against the State or against Burdick in her official capacity because the State is not a "person" subject to suit under § 1983 and because of the sovereign immunity afforded by the Eleventh Amendment.  Additionally, Burdick asserts that absolute prosecutorial immunity bars claims against her in her individual capacity.

Defendants' arguments are well-taken. Plaintiff's claims against the State and against Burdick in her official capacity are barred for the reasons stated in the motion. See Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Additionally, the personal-capacity claims against Burdick are barred by absolute prosecutorial immunity.[1] See Rivera v. Leal, 359 F.3d 1350 (11th Cir. 2004). Moreover, the Complaint fails to mention Burdick anywhere other than in the caption, and thus it plainly fails to state a claim against Burdick.

Accordingly, it is **ORDERED** that the Motion to Dismiss (Doc. 10) filed by the State of Florida and Assistant State Attorney Linda Burdick is **GRANTED**. Plaintiff's Motion for More Definitive Statement (Doc. 69) is **DENIED**. The claims against the State of Florida and Burdick are hereby **DISMISSED with prejudice**.

**DONE** and **ORDERED** in Orlando, Florida this 24th day of June, 2011.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party

---

[1] Defendants assert in their motion that "heightened pleading requirements" apply to individuals entitled to assert immunity. (See Doc. 10 at 3). However, this is no longer the law of the Eleventh Circuit. See Randall v. Scott, 610 F.3d 701, 707-10 (11th Cir. 2010) ("After Iqbal it is clear that there is no 'heightened pleading standard' as it relates to cases governed by Rule 8(a)(2), including civil rights complaints."). Nevertheless, Plaintiff has not alleged any facts indicating that Burdick was acting outside of her prosecutorial role. The Complaint does not mention Burdick anywhere except in the caption, and in his Response (Doc. 26) Plaintiff does not describe any actions by Burdick that are outside of that role that would warrant permitting amendment of the complaint; it is apparent that any such amendment would be futile as to Burdick.