# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ERIC ZOZULA,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　**Case No. 6:10-cv-1588-Orl-28GJK**

**STATE OF FLORIDA; JERRY L. DEMINGS, in official capacity; CARLY HUBBARD, in official capacity and personally; SANDRA CASTRO-RIVERA, in official capacity and personally; LINDA BURDICK, in official capacity and personally; LEE DAVIS, in official capacity and personally; CHRISTOPHER DILLION, in official capacity and personally; CHARLES DEISLER, in official capacity and personally; ROBERT "BOBBIE" PALMER, JR., in official capacity and personally,**

        **Defendants.**

_____

# ORDER

This cause is before the Court on the Motion to Dismiss With Prejudice, or Alternatively Motion for Summary Judgment (Doc. 17) filed by Defendant Bobby G. Palmer, Jr. ("Palmer"), identified in the Complaint as Robert "Bobbie" Palmer, Jr. The motion is well-taken and must be granted.

Palmer is an attorney who represented the Orange County Sheriff and a detective in

a prior lawsuit filed in this Court by Plaintiff, Case No. 6:07-cv-1971, which was closed in 2009 after all of Plaintiff's claims were dismissed.  In the case at bar, Plaintiff has again sued the Orange County Sheriff and the detective—as well as several other parties, including Palmer—pursuant to 42 U.S.C. § 1983.  The assertions against Palmer are based on his actions as an attorney in the prior lawsuit.

As correctly stated in Palmer's motion, the Complaint fails to state a claim for which relief can be granted against Palmer.  To the extent Plaintiff is attempting to bring a claim pursuant to 42 U.S.C. § 1983 against Palmer, Plaintiff has failed to allege a basis under which Palmer could be found to be a "state actor" as required for such a claim.  Although Plaintiff baldly asserts in his Response that "[b]y the nature of being an officer of the court, an attorney has the capacity of being a state actor through the role they partake," (Doc. 52 at 1), an attorney does not become a state actor merely by acting as an attorney in court or even by representing a state entity in court, as Palmer did in the prior litigation.  Additionally, because Plaintiff's claims against Palmer are based on Palmer's actions in a prior lawsuit, the claims fail due to litigation privilege.  Finally, to the extent Plaintiff alleges violations by Palmer of Rules of the Florida Bar or the Federal Rules of Civil Procedure, the claims fail to state a claim for which relief can be granted in this Court.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Dismiss With Prejudice, or Alternatively Motion for Summary Judgment (Doc. 17) filed by Defendant Palmer is **GRANTED** insofar as it seeks dismissal of Plaintiff's claims and is **DENIED as moot** insofar as it seeks summary judgment.  The claims against Defendant Palmer are **DISMISSED with prejudice**.

    2.  The Motion for Summary Judgment (Doc. 53) filed by Plaintiff is **DENIED as moot**.

    3.  The Motion for Leave of the Court to Respond, or Alternatively Motion for Hearing on Motions for Summary Judgment (Doc. 63) is **DENIED**.

    **DONE** and **ORDERED** in Orlando, Florida this 24th day of June, 2011.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party