# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ERIC ZOZULA,**

                                **Plaintiff,**

**-vs-**                                               **Case No.  6:10-cv-1588-Orl-28GJK**

**STATE OF FLORIDA; JERRY L.
DEMINGS, in official capacity; CARLY
HUBBARD, in official capacity and
personally; SANDRA CASTRO-RIVERA,
in official capacity and personally;
LINDA BURDICK, in official capacity
and personally; LEE DAVIS, in official
capacity and personally; CHRISTOPHER
DILLION, in official capacity and
personally; CHARLES DEISLER, in
official capacity and personally;
ROBERT "BOBBIE" PALMER, JR., in
official capacity and personally,**

                                **Defendants.**

_____

## ORDER

In his Complaint (Doc. 1), Plaintiff, appearing pro se, alleges several constitutional

violations and names nine Defendants, including Defendant Carly Hubbard ("Hubbard").

Plaintiff claims that in October 2006, Hubbard, an Orange County Deputy Sheriff, submitted

an arrest affidavit to a state court judge that was false.  An arrest warrant was issued by the

judge based on Hubbard's affidavit, and Plaintiff was later arrested on a charge of sexual

battery of a child—his former stepdaughter.  Plaintiff was tried on that charge and was

acquitted.  He seeks to hold Hubbard responsible for his arrest, which he alleges was an

unreasonable seizure in violation of the Fourth Amendment to the U.S. Constitution.[1]

This cause is now before the Court on the Motion to Dismiss (Doc. 47) filed by Hubbard.  Plaintiff has responded to the motion.  (Docs. 56 & 73).  As set forth below, the motion, which the Court treats as a motion for summary judgment, is well-taken and shall be granted.

## I.  Legal Standards

Hubbard has filed her motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).   In considering such a motion, a court must limit its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed."  LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).  If the Court considers other materials in its assessment of a motion to dismiss, the motion must be treated as a motion for summary judgment rather than a motion to dismiss. See Fed. R. Civ. P. 12(d).  This procedure has been suggested by Hubbard in her motion as an alternative, (see Doc. 47 at 4 n.3), and in his response papers Plaintiff has urged consideration of evidence that has been submitted into the record, (see, e.g., Doc. 56 at 2), including depositions and interview transcripts.   The parties have had a reasonable

---

[1] Plaintiff sued Hubbard for false arrest in a prior case in this Court, Case No. 6:07-cv-1971.   That case arose from the same facts, and the claims against Hubbard were dismissed.   Hubbard has not argued that the instant case is barred by res judicata, however—likely because the Order dismissing the claims against Hubbard also referred to Plaintiff's complaint as being "dismissed without prejudice."  In the prior case, Hubbard had been dropped as a Defendant in an amended complaint and Plaintiff later tried to rename her as a Defendant, but that attempt was not permitted.  The Court is troubled by the claims against Hubbard being revived after Plaintiff was barred from realleging them in the prior case once he had dropped Hubbard as a Defendant.  Nevertheless, Plaintiff's claims against Hubbard will be addressed on the merits herein.

opportunity to present material pertinent to the motion, and the motion is appropriately treated as a summary judgment motion.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997).

In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). However, summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## II.  Discussion

In her motion, Hubbard asserts the defense of qualified immunity and argues that probable cause existed for the arrest of Plaintiff, barring any claims against her. Hubbard's contentions are well-taken.

"Qualified immunity protects municipal officers from liability in § 1983 actions as long 'as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Lewis v. City of W. Palm Beach, 561 F.3d 1288, 1291 (11th Cir. 2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "To receive qualified immunity, the officer must first show that he acted within his discretionary authority."

Id.  It is clear that Hubbard was acting within her discretionary authority during the events at issue in this case.  See, e.g., Horton v. Williams, 572 F. Supp. 2d 1292, 1298-99 (M.D. Ala. 2008) (noting that it was undisputed that investigator "was acting within his discretionary authority when he filed an affidavit in support of an arrest warrant that led to [the plaintiff's] arrest and prosecution"); cf. Herren v. Bower, 850 F.2d 1543, 1545 n.5 (11th Cir. 1988) (agreeing with district court's rejection of argument that sheriff was not performing discretionary function in case involving probable cause to arrest).

"Once a defendant establishes that [s]he was acting within [her] discretionary authority, the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity."  Cottone v. Jenne, 326 F.3d 1352, 1358 (11th Cir. 2003).  In determining whether officers enjoy qualified immunity, courts typically employ a two-part process, determining "whether the officer's conduct amounted to a constitutional violation" and "whether the right violated was 'clearly established' at the time of the violation."  Lewis, 561 F.3d at 1291 (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)).  Because the pertinent principles regarding probable cause are clearly established, the only issue here is whether Hubbard's conduct amounted to a constitutional violation.[2]

Plaintiff was arrested after an arrest warrant was issued by a state court judge.  Thus,

---

[2]The Saucier opinion directed that the two steps of the analysis be conducted in order, but, as noted in Lewis, the Supreme Court "recently clarified . . . that the order of inquiry is fluid, providing the Court with the flexibility to focus on the determinative question." 561 F.3d at 1291 (citing Pearson v. Callahan, 129 S. Ct. 808 (2009)).  In other words, it is now permissible but "not mandated that the Court examine the potential constitutional violation under Saucier step one prior to analyzing whether the right was clearly established under step two."  Id. (citing Pearson).

this is not a case involving a warrantless arrest based on a determination of probable cause by a law enforcement officer out in the field.  An arrest pursuant to a judicially-issued warrant may, however, like a warrantless arrest, amount to a Fourth Amendment violation by a law enforcement officer in certain circumstances.

In a case such as this one involving an arrest pursuant to a warrant, the matter of whether a constitutional violation has occurred turns on the contents of the affidavit that was presented in support of the arrest warrant.  This is so because generally, "if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." Taylor v. Gregg, 36 F.3d 453, 456 (5th Cir. 1994).  The exception to the general rule is that "[a] magistrate's issuance of the warrant will not shield an officer when the warrant affidavit is 'so lacking in indicia of probable cause as to render official belief in its existence unreasonable' . . . [or] when the underlying affidavit includes deliberate and reckless misstatements and omissions." Miller v. Prince George's Cnty., 475 F.3d 621, 632 (4th Cir. 2007) (quoting Malley v. Briggs, 475 U.S. 335, 345 (1986)).

To succeed on a claim that an arrest "was unreasonable because it followed from an affidavit that was deficient because it was dishonest," a plaintiff must prove that the affiant "deliberately or with a 'reckless disregard for the truth' made material false statements in his affidavit or omitted from that affidavit 'material facts with the intent to make, or with reckless disregard of whether they thereby made, the affidavit misleading.'" Miller, 475 F.3d at 627 (quoting Franks v. Delaware, 438 U.S. 154, 171 (1978), and United States v. Colkley, 899 F.2d 297, 300 (4th Cir. 1990)) (citations omitted).  "With respect to omissions, 'reckless

-5-

disregard' can be established by evidence that a police officer 'failed to inform the judicial officer of facts [he] knew would negate probable cause.'" Id. (quoting Beauchamp v. City of Noblesville, 320 F.3d 733, 743 (7th Cir. 2003))  (alteration in original).  "Moreover, in order to violate the Constitution, the false statements or omissions must be 'material,' that is, 'necessary to the [neutral and disinterested magistrate's] finding of probable cause.'" Id. at 628 (quoting Franks, 438 U.S. at 155-56) (alteration in original).  "To determine materiality, a court must 'excise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause.'" Miller, 475 F.3d at 628 (quoting Wilson v. Russo, 212 F.3d 781, 789 (3d Cir. 2000)).

Plaintiff cannot establish that the arrest warrant affidavit submitted by Hubbard is lacking in indicia of probable cause or that it contains "deliberate and reckless misstatements and omissions."   The affidavit (Ex. A to Doc. 26) accurately recounts the transcribed interview (Ex. B to Doc. 47) of the alleged child victim in which the alleged sexual abuse was described.  Plaintiff argues that depositions of the physician who examined the victim (Ex. A to Doc. 24) and of a Department of Children and Families Investigator (Ex. I to Doc. 26) "contradict[] that any 'suspicious' act happened."  (See Doc. 56 at 2).   However, these depositions do not contradict anything stated in Hubbard's warrant affidavit or negate probable cause.[3]   See Lowe v. Aldridge, 958 F.2d 1565, 1571 (11th Cir. 1992) ("The

_____

[3]Plaintiff also asserts—noting that Hubbard's last name has changed since she submitted the arrest affidavit—that Hubbard "conveniently left out that she was planning her wedding ceremony amidst her alleged investigation . . . , [calling into question] how the accumulation of all those activities could not interfere with Hubbard's objectivity and integrity."  (Doc. 56 at 5).  The Court rejects this absurd argument out of hand.

children's initial denial that any abuse occurred is not unusual, nor is the fact that the physical evidence was not dramatic."). Moreover, both the alleged victim and her mother had provided sworn statements regarding the alleged abuse prior to Hubbard's submission of the warrant affidavit to the judge. (Composite Ex. A to Doc. 47).

"Generally, an officer is entitled to rely on a victim's criminal complaint as support for probable cause." Rankin v. Evans, 133 F.3d 1425, 1441 (11th Cir. 1998). "[A]lthough a child victim's statements must be evaluated in light of her age," such statements may be "sufficiently reliable and trustworthy at their core to form the basis for probable cause to arrest." Id. Plaintiff's stepdaughter was twelve years old at the time she made the statements at issue here—substantially older than the children whose statements were credited in Lowe and Rankin. The child's mother had also provided information to Hubbard regarding the abuse allegations, and that information was included in the warrant affidavit. Although Plaintiff notes that he and the child's mother were having marital problems at the time of the events at issue and divorced soon thereafter, those circumstances do not render the mother's report per se unreliable. Cf. Lowe, 958 F.2d at 1571 (noting "evidence that allegations of abuse leveled during divorce cannot be ignored merely because they are brought up in the heat of battle"). In sum, I cannot conclude that Hubbard made misstatements or material omissions in her warrant affidavit.

As the Eleventh Circuit noted in Rankin, cases involving allegations of sexual abuse of a child often "evoke[] feelings of compassion for all of the participants involved in the long-running dispute" but nevertheless "the issues must be resolved dispassionately." 133 F.3d at 1428. Importantly, "[t]hat a defendant is subsequently acquitted or charges are dropped

against the defendant is of no consequence in determining the validity of the arrest itself." Marx v. Gumbinner, 905 F.2d 1503, 1507 (11th Cir. 1990).  Probable cause "is 'judged by the facts and legal state of affairs that existed at the time of the arrest.'" Fernander v. Bonis, 947 So. 2d 584, 588 (Fla. 4th DCA 2007) (quoting Mailly v. Jenne, 867 So. 2d 1250, 1251 (Fla. 4th DCA 2004)).  As stated herein, although Plaintiff was ultimately acquitted of the serious charge against him, I cannot conclude that Defendant Hubbard violated his constitutional rights in presenting an arrest affidavit to a state court judge that was based on documented reports of abuse.

### III.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.  The Motion to Dismiss (Doc. 47) filed by Defendant Carly Hubbard, which has been addressed as a motion for summary judgment, is **GRANTED** and the claims against Defendant Hubbard are **DISMISSED with prejudice**.

2.  The Motion for More Definitive Statement (Doc. 73) filed by Plaintiff is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 24th day of June, 2011.

Copies furnished to:
Counsel of Record
Unrepresented Party

JOHN ANTOON II
United States District Judge